IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINA RAUB | : | CIVIL ACTION |
| v. | : | |
| US AIRWAYS, INC. and UNITED STATES OF AMERICA | : | NO. 16-1975 |

**MEMORANDUM AND ORDER**

THOMAS J. RUETER                                                                June 19, 2017
United States Magistrate Judge

      Presently before the court are plaintiff Regina Raub's Motion to Compel (Doc. No. 29), defendant US Airways, Inc.'s ("US Airways") opposition thereto (Doc. No. 32), plaintiff's Reply Brief (Doc. No. 34), and US Airways' Surreply Brief (Doc. No. 36). Oral argument was held today. For the reasons and to the extent set forth below, the Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**.

**I.    BACKGROUND**

      On April 29, 2014, plaintiff was a passenger on a Boeing 757 airplane operated by defendant US Airways, identified as flight 815 and flying from Cancun, Mexico to Philadelphia, Pennsylvania ("Flight 815"). Approximately forty nautical miles southwest of Richmond, Virginia, Flight 815 approached a storm system. Plaintiff alleges in her First Amended Complaint that US Airways provided her with a "worn-out or defective seatbelt that suddenly failed when the aircraft unexpectedly entered severe turbulence" in the storm system. Plaintiff contends that "her body was thrown upward, causing her head to strike violently against the overhead compartment" and, as a result, she "suffered head, neck, and concussive brain injuries." (Am. Compl. at ¶¶ 1-3, 6.)

## II. DISCUSSION

Plaintiff filed the Motion to Compel seeking an order compelling US Airways to produce three categories of documents: (1) a passenger manifest for Flight 815; (2) complaints by passengers on other flights sustaining injuries resulting from seatbelt failure during turbulence; and (3) employment and personnel files for the Flight 815 flight crew.

Fed. R. Civ. P. 26(b)(1) governs the discovery request and provides in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

### A. Passenger Manifest for Flight 815.

First, plaintiff requests US Airways to produce its manifest identifying all 172 passengers on Flight 185 (Request for Production No. 13). US Airways responds that this information has little probative value and, any benefit of the information to plaintiff is outweighed by the burdensomeness to US Airways. The court sustains, in part, US Airways' objection to plaintiff's discovery request.

There is no dispute that severe turbulence occurred on Flight 185 and that plaintiff was injured as a result of striking her head against the overhead compartment. What is in dispute is whether a defective seatbelt caused her injuries. Plaintiff's counsel has interviewed two passengers, Jessica Cartwright and Megan White, friends of plaintiff, who sat next to plaintiff on the plane at the time of the accident. These two individuals were in the best position to witness

any defect in the seatbelt and to attest to plaintiff's injuries. In addition, US Airways also provided plaintiff with the names of the six passengers who were assigned to the seats across from and behind plaintiff, but did not provide contact information with respect to these six passengers. US Airways shall provide to plaintiff the contact information, if available, for these six passengers pursuant to the protective order the parties currently have in place (the "Protective Order").

Plaintiff states that two other passengers on Flight 815 were injured in the turbulence during the storm and seeks to discover whether "other belts failed too." (Pl.'s Reply Br. at 5.) US Airways shall provide the names of these two passengers, and their contact information if available, to plaintiff in accordance with the Protective Order.

The remaining passengers on the plane would have little to no information to add to the testimony of these witnesses on the issues of causation and damages. Federal law prohibits airline carriers from releasing passenger contact information. See 14 C.F.R. §§ 243.7(a), 243.9. Plaintiff has not made a sufficient showing of need for this information to justify this court overriding this important privacy policy. To the extent sent forth herein, the Motion to Compel is granted in part and denied in part.

    **B.**     **Complaints by Other Passengers**

Second, plaintiff requests that US Airways produce complaints from other passengers on other flights regarding failures of seatbelts during turbulence (Request for Production No. 17). US Airways objects to producing this information on the ground that it would be overly burdensome to produce these documents. US Airways explained that all records of customer complaints are stored electronically in one undifferentiated group; they are not

categorized by the topic of the complaint. The records, therefore, cannot be searched by a specific search word, such as "seatbelt," and easily retrieved. Rather, each complaint would have to be individually inspected and reviewed to determine the nature of the customer complaint. Moreover, plaintiff places no time limitation on this request. At oral argument, plaintiff's counsel requested records going back ten years from the date of the accident. It is worth noting that after the accident, US Airways removed the three seats plaintiff and her friends were seated in on Flight 815 from the plane and placed them in storage. All counsel and their experts have had the opportunity to inspect the actual seat and seatbelt used by plaintiff at the time of the accident.

This court sustains US Airways' objection to this request to the extent plaintiff seeks records more than two years prior to the date of the accident. The court finds that because a search for these records will be time consuming and laborious, requiring US Airways to search for the records prior to the two year period will be exceeding burdensome. While evidence of prior accidents involving the same seatbelt used by plaintiff could be relevant to show a defect or dangerous condition existed and that US Airways had knowledge of the defect, see, e.g., Valentine v. Acme Markets, Inc., 687 A.2d 1157, 1162-63 (Pa. Super. Ct. 1997), this information would be admissible at trial only if the prior accidents were sufficiently similar to the accident involving plaintiff. Id. Thus, US Airways only need produce customer complaints about seatbelts that were manufactured by AmSafe, which manufactured the seatbelt used by plaintiff. Because these records must be searched individually, the court limits the search to two years before the occurrence of plaintiff's accident. This limitation properly balances plaintiff's need for this information against the burden to US Airways to search for this information.

### C. Flight Crew Employment and Personnel Files for Flight 815

Finally, plaintiff requests the personnel files of the pilots who operated the plane on the date of the accident (Request for Production No. 22). There is a heightened relevancy standard with respect to personnel files. Kaufman v. Nationwide Mut. Ins. Co., 1997 WL 703175 (E.D. Pa. Nov. 12, 1997).

#### 1. Flight Attendants

The Motion to Compel was unclear as to whether plaintiff is seeking the employment and personnel files for only the pilots or the pilots and the flight attendants. At oral argument, plaintiff's counsel clarified that he is seeking the employment and personnel files from the pilots and the flight attendants who worked on Flight 815 with respect to, inter alia, their training and whether any of these employees were subject to disciplinary action because of their job performance on Flight 815. Plaintiff's request is denied as to the flight attendants. Plaintiff deposed three out of the four flight attendants and was able to explore this information with the deponents. Plaintiff's counsel confirmed at oral argument that plaintiff asserts no claims against the flight attendants. In plaintiff's Memorandum of Law in support of the Motion to Compel, plaintiff asserts only that she "is making a claim that the pilots were negligent" in several respects. (Pl.'s Mem. of Law Supp. Mot. to Compel at 15.) For these reasons, this court denies the Motion to Compel to the extent it seeks the employment and personnel files of the flight attendants.

#### 2. Pilots

Plaintiff asserts that the personnel files of the pilots may contain training records which are relevant because: "Plaintiff is making a claim that the pilots were negligent in failing

5

to detect the precipitation using onboard radar, failing to request deviations, fly [sic] directly into an area of severe turbulence, violated [sic] safety statutes, regulations and requirements, and failed [sic] to safely operate the aircraft to avoid injury to Plaintiff." (Pl.'s Br. at 15.)  See also Pl.'s Reply Br. at 11 ("The personnel records of the pilots will contain their training and disciplinary records.").  At oral argument, plaintiff's counsel asserted that plaintiff also seeks to determine whether the pilots were subjected to disciplinary action as a result of their job performance on Flight 815.  US Airways argues that the requested documents are irrelevant because plaintiff does not assert such claims against the flight crew in her amended complaint.  Even if the training information regarding the pilots were relevant, US Airways asserts that plaintiff can obtain the information through less invasive means.  At their depositions on May 16, 2017, the Flight 815 pilots testified about, inter alia, their training and that no adverse action was taken against them as a result of Flight 815.  (US Airways' Mem. of Law Opp. Mot. to Compel at 20.)

The Motion to Compel in granted in part and denied in part.  Plaintiff is entitled to ascertain whether the pilots' testimony at their depositions was truthful.  After carefully considering the pleadings and the oral argument, the only potentially relevant evidence in the pilots' employment and personnel files concerns their training and whether either of the pilots were subjected to disciplinary action under similar circumstances.  US Airways shall produce to plaintiff any records in the pilots' employment or personnel files regarding training relevant to flying in turbulence and showing disciplinary action against the pilots for, in situations of severe turbulence:  (1) failing to detect precipitation using onboard radar; (2) failing to request deviations from a flight plan; and (3) flying directly into an area of severe turbulence.  Production

of this information shall be made in accordance with the Protective Order.  In all other respects the Motion to Compel is denied.

    An appropriate Order follows.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge